# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **SHELLEY ROSS, as REPRESENTATIVE** | § | |
| **of the ESTATE of TONY CHANCE ROSS,** | § | |
| **and SHELLEY ROSS and TONY ROSS,** | § | |
| **in Their Individual Capacity,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **vs.** | § | **Civil Action No:** |
| | § | |
| **THE CITY OF SULPHUR SPRING,** | § | _____ |
| **TEXAS, HOPKINS COUNTY, TEXAS,** | § | |
| **SULPHUR SPRINGS LIEUTENANT** | § | |
| **BRAD HORTON, SULPHUR SPRINGS** | § | |
| **OFFICERS ADRIAN I. PRUITT,** | § | |
| **BRANDON S. MAYES, JOE D. SCOTT,** | § | |
| **SHERIFF'S DEPUTIES PAUL** | § | |
| **FENIMORE, NICK FLOYD, and** | § | |
| **HOPKINS COUNTY JAILER JEFF** | § | |
| **HIGHTOWER,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs, and brings this action under the United States Constitution and pursuant to 42 U.S.C. § 1983 to vindicate Chance Ross's rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the United States Constitution, and files this, their Original Complaint.

## JURISDICTION, VENUE, AND PARTIES

1.      Jurisdiction is conferred upon by this Court under and by 28 U.S.C. Sections 1331 and

1343.

2.      Venue is proper in the Eastern District of Texas upon 28 U.S.C. Section 1391 as all actions of which Plaintiffs complain occurred in Hopkins County, Texas.

3.      Plaintiff, SHELLEY ROSS as Representative of the Estate of Chance Ross (hereafter "Estate Representative"), is a citizen of the United States and within the jurisdiction of this court. Chance Ross is the decedent and victim of the action complained of in this suit, and he died intestate.  Chance is survived by his mother, father and two brothers who are his heirs at law. Chance died with very few personal possessions, and the few possessions he had, have been distributed by his family.  There are no debts pending.  At the time of filing of this action, there was no estate and there is no administration pending; and no administration of the estate is necessary or desired by the heirs.  The heirs have agreed for Shelley Ross, the mother, to be and serve as the representative of the Estate of Chance Ross.  Suit is brought to seek recovery for personal injuries, pain and suffering and other injuries suffered prior to his death and asserted by his Estate.

4.      Plaintiffs, SHELLEY ROSS and TONY ROSS, are the parents of Chance Ross and are citizens of these United States and are within the jurisdiction of the court.  Shelley and Tony Ross sue for damages suffered as a result of the wrongful death of their son, Chance Ross.

5.      Defendant CITY OF SULPHUR SPRINGS, TEXAS (hereafter "City" or "Police Department") is an incorporated municipality of the State of Texas and the county seat of Hopkins County.  The Sulphur Springs Police Department is a division of the City of Sulphur Springs, situated primarily in Hopkins County, Texas.  At all times relevant, the City of Sulphur Springs maintained, managed, and/or operated the Sulphur Springs Police Department. Defendant may be served with summons by serving its Mayor, Kayla Price, City of Sulphur Springs, 125 South Davis Street, Sulphur Springs, Texas, 75482, telephone 903.885.7541.

6.      Defendant HOPKINS COUNTY, TEXAS (hereafter Defendant "County" or "Hopkins County Sheriff's Department"), is a sub-division of the State of Texas.  Defendant may be served with summons by serving its County Judge, Mr. Robert Newsome, at Hopkins County Courthouse, 118 Church Street, Sulphur Springs, Texas, 75482, telephone 903.438.4006.

7.      Defendant BRAD HORTON (hereafter "Horton") was an employee, agent or servant of the City of Sulphur Springs Police Department, served in a supervisory capacity, and was acting under the color of state law.  Defendant Pruitt is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, the Sulphur Springs Police Department, 125 South Davis Street, Sulphur Springs, Texas, 75482, telephone 903.885.7602.

8.      At all times relevant, Defendant ADRIAN I. PRUITT (hereafter "Pruitt") was an employee, agent or servant of the City of Sulphur Springs Police Department and was acting under the color of state law.  Defendant Pruitt is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, the Sulphur Springs Police Department, 125 South Davis Street, Sulphur Springs, Texas, 75482, telephone 903.885.7602.

9.      At all times relevant, Defendant BRANDON S. MAYES (hereafter "Mayes") was an employee, agent or servant of the City of Sulphur Springs Police Department and as acting under the color of state law.  Defendant Mayes is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, the Sulphur Springs Police Department, 125 South Davis Street, Sulphur Springs, Texas, 75482, telephone 903.885.7602.

10.     At all times relevant, Defendant JOE D. SCOTT (hereafter "Scott") was an employee, agent or servant of the City of Sulphur Springs Police Department and was acting under the color of state law.  Defendant Scott is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, the Sulphur Springs Police Department, 125 South Davis Street, Sulphur Springs, Texas, 75482, telephone 903.885.7602.

11.     At all times relevant, Defendant PAUL FENIMORE (hereafter "Fenimore") was an employee, agent or servant of the Hopkins County Sheriff's Department, served in a supervisory capacity, and were acting under the color of state law.  Defendant Fenimore is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, the Hopkins County Sheriff's Department, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4040.

12.     At all times relevant, Defendant NICK FLOYD (hereafter "Floyd") was an employee, agent or servant of the Hopkins County Sheriff's Department and was acting under the color of state law.  Defendant Floyd is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served with summons at his place of business, the Hopkins County Sheriff's Department, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4040.

13.     At all times relevant, Defendant JEFF HIGHTOWER (hereafter "Hightower") was an employee, agent or servant of the Hopkins County Sheriff's Department and was acting under the color of state law.  Defendant Hightower is sued in his individual capacity for his actions undertaken while in the course and scope of his employment as such.  Defendant may be served

with summons at his place of business, the Hopkins County Sheriff's Department, 298 Rosemont, Sulphur Springs, Texas, 75482; telephone 903.438.4040.

## FACTUAL ALLEGATIONS

14.     At all times relevant, Tony Chance Ross ("Chance Ross") was a 34 year old single man, diagnosed with paranoid schizophrenia, and other medical diagnosis, and living alone in Sulphur Springs, Texas.   He was assisted and supported by his family.   Prior to the encounter with Sulphur Springs police officers the afternoon of March 6, 2015, Chance Ross had been arrested numerous times by both Sulphur Springs and Hopkins County Sheriff's Department law enforcement personnel.   These arrests primarily involved charges of public intoxication or disorderly conduct.   Upon information and belief, Chance Ross had no history of exhibiting violence or aggression towards law enforcement officers during any of these encounters.

15.     During the morning hours of March 6, 2015, Chance Ross was released from the Hopkins County jail, having been arrested the day before for public intoxication.   He was permitted to leave the jail on foot, with temperatures just above freezing and inadequately clothed for the weather conditions.

16.     Later in the afternoon of March 6, 2015, Chance Ross was located vicinity of 610 Beckworth, Sulphur Springs, Texas.   Upon being called to investigate a suspicious person, several Sulphur Springs police officers located and seized Chance Ross.

17.     Upon the initial encounter by law enforcement personnel, Chance Ross was walking without a shirt, dressed only in blue jeans despite the weather conditions.

18.     Chance Ross was identified and recognized by the first officer at the scene, Defendant Pruitt, who was soon joined by Defendants Mayes and Scott.   Prior to his arrest and transport

from the scene, Chance Ross screamed at different intervals for help and that they were trying to kill him.

19.     Defendants Pruitt and Mayes used excessive force against Chance Ross, which included the repeated use of an Electronic Control Weapon ("ECW").  This use of excessive force caused Chance Ross physical and emotional injuries.  Chance Ross was foaming at the mouth as he was handcuffed, arrested and kicked into the rear of one of the police cars, and transported from the scene.

20.     At that time and place, Defendants Pruitt, Mayes and Scott knew that Chance Ross was in need of medical treatment for both physical injuries and mental health issues.  Notwithstanding that they knew Chance Ross was in need of such treatment from a medical facility equipped to provide this treatment, none of the officers at the scene neither made such treatment available nor took action to ensure another officer made such treatment available.  Chance Ross was instead, taken directly to the Hopkins County jail.

21.     Upon arrival to the Hopkins County jail, Chance Ross was thrown into a special cell and despite being dressed only in pants, hand-cuffed and having suffered multiple discharges from the ECW, was to have his pants, socks and/or shoes removed.  During this process, Chance Ross is heard to be screaming repeatedly for help.  As a result, Chance Ross was subjected to further use of excessive force, to include renewed and repeated use of an ECW, by Defendants Pruitt, Mayes and Scott.

22.     Upon the forcible removal of his clothing, Chance Ross was left lying face down on the jail floor.  He continues to remain in the same position for approximately 18 minutes.

23.     While in custody at the Hopkins County jail, Hopkins County jailer Jeff Hightower and Sulphur Springs Lieutenant Brad Horton were aware of and/or informed of the use of force

against Chance Ross.  Both Defendants Hightower and Horton knew that Chance Ross was in need of medical treatment for his physical injuries and mental health issues.  Notwithstanding their knowledge that Chance Ross was in need of such treatment from a properly equipped medical facility, both Defendant Hightower nor Defendant Horton refused to make such treatment available and refused to order other jail and police personnel to make such medical care available.

24.     After approximately 18 minutes of being left unattended in the cell, Defendants Hightower, Mayes, Scott and Horton enter the cell.  Chance Ross has not moved or otherwise changed position from lying face down since having his clothing forcibly removed.

25.     Chance Ross is found to barely have a pulse and attempts to resuscitate him are hindered as the jail's Automatic Electronic Defibrillator ("A.E.D.") is inoperable due to not being properly charged or having power.

26.     After being in custody of the Hopkins County jail for less than 25 minutes, Fire Department and emergency medical service personnel were called to provide care for Chance Ross.  Chance Ross was then transported to the Hopkins County Memorial Hospital and shortly thereafter, transferred to the Critical Care Unit of Trinity Mother Francis Hospital in Tyler, Texas.

27.     Subsequent to his transfer to the hospital, numerous criminal charges were filed against Chance Ross.  All charges stem from the encounter between Chance Ross and the arresting officers.[1]

---

[1] I.e., Charge of Assaulting Public Servant [Penal Code 22.01(b)] as to Defendant Mayes; charge of Resisting Arrest, Search or Transport {Penal Code §38.03(a)} as to Defendant Pruitt; charge of Assaulting Public Servant [Penal Code 22.01(b)] as to Defendant Pruitt; and the charge of Attempt to Take Weapon from an Officer (Penal Code 38.14) as to Defendant Mayes.

28.     By reason of the above-described acts and omissions of Pruitt, Mayes, Scott, Hightower and Horton, Chance Ross sustained physical and emotional injuries, including but not limited to great physical injuries and pain and suffering, emotional and mental pain and suffering, humiliation and other indignities, all to his damage in an amount to be ascertained.

29.     The aforementioned acts of Pruitt, Mayes, Scott, Hightower and Horton were willful, wanton, malicious oppressive and done with reckless indifference to and/or callous disregard for the rights of Chance Ross and justify an award of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

30.     By reason of the above-described acts and omissions of Pruitt, Mayes, Scott, Hightower and Horton, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance in the instant action so that Plaintiffs might vindicate the loss and impairment of Chance Ross's rights.  By reason thereof, Plaintiffs request payment by Defendants of reasonable attorney fees and costs pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### PLAINTIFFS AGAINST PRUITT, MAYES and SCOTT
### For EXCESSIVE FORCE

31.     Plaintiffs hereby incorporate and re-allege paragraphs (1) through (28) as though fully set forth at length herein.

32.     During and after Chance Ross's seizure, Pruitt, Mayes and Scott used excessive force against Chance Ross's person.

33.     There was no legal cause for Pruitt, Mayes and Scott to use force against Chance Ross.

34.     By reason of Pruitt, Mayes and Scott's actions, Chance Ross was deprived of rights, privileges, immunities secured to him by the Fourth and/or Fourteenth Amendment to the

Constitution of the United States and laws enacted thereunder.  The physical violence inflicted upon Chance Ross was unnecessary, unreasonable, and excessive, and was therefore in violation of his Fourth and/or Fourteenth Amendment Rights.  Therefore, defendants, and each of them, jointly and severally, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.


**COUNT II**
**PLAINTIFFS AGAINST SCOTT, FENIMORE, FLOYD and HIGHTOWER**
**For FAUILURE TO PROTECT**

35.     Plaintiffs hereby incorporate and re-allege paragraphs (1) through (28) as though fully set forth at length herein.

36.     Pruitt, Mayes and Scott used excessive force against Chance Ross.

37.     There was no legal cause for Pruitt, Mayes and Scott used excessive force against Chance Ross.

36.     Scott had the ability and opportunity to stop Pruitt and Mayes from using excessive force against Chance Ross at the scene but failed to do so.

37.     Fenimore, Floyd and Hightower had the ability and opportunity to stop Scott from using excessive force against Chance Ross in the jail but failed to do so.  Fenimore, as a Sergeant in the Sheriff's Department, was the senior ranking person present and based upon information and belief, is trained in and knowledgeable as to the accepted and lawful uses of an ECW, yet failed to act.

38.     By reason of Pruitt, Mayes and Scott's actions, as well as the inactions of Scott, Fenimore, Floyd and Hightower, Chance Ross was deprived of rights, privileges, immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

39.     The physical violence inflicted upon Chance Ross was unnecessary, unreasonable, and excessive, and was therefore in violation of his Fourth and/or Fourteenth Amendment Rights. Therefore, defendants, and each of them, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFFS AGAINST PRUITT, MAYES, SCOTT, FENIMORE, FLOYD, HIGHTOWER and HORTON For DENIAL OF MEDICAL CARE

40.     Plaintiffs hereby incorporate and re-allege paragraphs (1) through (28) as though fully set forth at length herein.

41.     Pruitt, Mayes, Scott, Fenimore, Floyd, Hightower and Horton knew of Chance Ross's need for medical care on March 6, 2015, but did not make medical treatment available to him despite having the authority and duty to do so.  Through their actions and omissions, Pruitt, Mayes, Scott, Hightower and Horton unreasonably subjected Chance Ross to an unreasonable seizure in violation of his rights under the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

42.     The conduct of Pruitt, Mayes, Scott, Fenimore, Floyd, Hightower and Horton caused Chance Ross to experience pain, suffering, emotional distress, injury and ultimately, death.

43.     The conduct of Pruitt, Mayes, Scott, Fenimore, Floyd, Hightower and Horton was objectively unreasonable and undertaken intentionally with malice, willfulness, and a deliberate indifference to the rights of Chance Ross.

44.     Pruitt, Mayes, Scott, Hightower and Horton, and each of them, jointly and severally, are liable to Plaintiffs pursuant to 42 U.S.C. § 1983

## COUNT IV
## PLAINTIFFS AGAINST the CITY OF SULPHUR SPRINGS

## For MONELL LIABILITY

45.     Plaintiffs hereby incorporate and re-allege paragraphs (1) through (28) as though fully set forth at length herein.

46.     The misconduct of Sulphur Springs Lieutenant and Police Officers described above was undertaken pursuant to the policies and practices of the City of Sulphur Springs Police Department in that as a matter of both policy and practice, the City of Sulphur Springs Department directly encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

47.     As a matter of policy and practice, the Sulphur Springs Police Department facilitates the very type of misconduct at issue by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Sulphur Springs Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Chance Ross.  Specifically, Sulphur Springs Police Officers accused of excessive force and/or violations of civil rights can be confident that they will not be investigated in earnest, and will refuse to recommend discipline or if required, to enforce discipline even where the Officer has engaged in excessive force or otherwise violated the civil rights of citizens.  In example, the Sulphur Springs police chief declared that the officers involved were not placed on any administrative leave or limitation as they had done nothing wrong, determining this prior to the conclusion of the investigation by the Department's own investigator and of the Texas Ranger assigned to conduct the investigation.

48.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, the failure of Sulphur Springs Police Department to properly investigate and discipline officers who

have engaged in excessive force or otherwise violated the civil rights of citizens.

49.     The City of Sulphur Springs has failed to adequately train its police officers regarding the proper response to arrestees that are exhibiting an obvious need for medical care to treat injuries and/or mental illness.  This failure included a failure to train police officers in the proper use of ECWs (Tasers) against arrestees exhibiting obvious signs of mental illness.  As a result of this failure to train, the Lieutenant and Police Officers chose not to transport Chance Ross to a medical provider to treat his physical injuries and altered mental state, and instead chose to improperly use ECWs against Chance Ross on multiple occasions despite the known danger of using ECWs against persons with an altered mental status.  These decisions were made despite the fact that officers recognized Chance Ross at the very outset and knew of his history.  These acts and omissions were done with deliberate indifference to Chance Ross's constitutional rights.

50.     As a result of the excessive use of force, the unjustified denial of medical care, and the City of Sulphur Springs's policies and practices, Chance Ross experienced physical injuries, conscious pain and suffering, and emotional distress, and the Estate of Chance Ross incurred funeral expenses.

51.     Plaintiffs allege that these customs, policies and training deficiencies, described above, were contributing factors behind the violation of Chance Ross's rights.  Based upon the principles set forth in *Monell v. New York City Department of Social Services*, the City of Sulphur Springs is liable for the harm done to Chance Ross as set forth above.

### COUNT V
### PLAINTIFFS AGAINST HOPKINS COUNTY, TEXAS
### For MONELL LIABILITY

52.     Plaintiffs hereby incorporate and re-allege paragraphs (1) through (28) as though fully set forth at length herein.

53.     The actions and omissions of Hopkins County jailer Hightower were undertaken pursuant to the policies and practices of the City of Sulphur Springs Police Department in that as a matter of both policy and practice, the City of Sulphur Springs Department directly encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

54.     The Sheriff of Hopkins County, as the policy-makers for the Hopkins County Sheriff's Department is aware of, and condone and facilitate by his inaction, the failure of the Hopkins County jail to properly respond to information, assess and examine individuals who are reported be behaving erratically or known to suffer from a mental health issue.  In this instance, Chance Ross had been arrested and jailed at the Hopkins County jail at least 17 times in the previous twelve plus years.  Jail medical records from Chance Ross's detention the day before evince the disclosure of his medical condition and suffering from some form of mental illness.

55.     The Hopkins County Sheriff's Office has failed to adequately train its jailers regarding the proper response to arrestees that are exhibiting an obvious need for medical care to treat injuries and/or mental illness.  This failure included a failure to train jailers as to the proper use of ECWs (Tasers) against arrestees/detainees exhibiting obvious signs of mental illness.  As a result of this failure to train, Defendant Hightower chose not transport Chance Ross to a medical provider to treat his physical injuries and altered mental state, and instead permitted the repeated, improper use of ECWs against Chance Ross.  The Sheriff's Department also failed to train its jail personnel on the known danger of using ECWs against persons with an altered mental status. The decisions to use excessive force and not seek medical care were made despite the fact that Chance Ross had an extensive history at this facility.  These acts and omissions were done with deliberate indifference to Chance Ross's constitutional rights.

56.    Moreover, The Hopkins County Sheriff's Office has failed to adequately train its jailers regarding the proper maintenance and support of emergency medical equipment, to wit, the A.E.D., which was inadequately powered and could not be employed to enhance the recovery of Chance Ross.

57.    Plaintiffs allege that these customs, policies and training deficiencies, described above, were contributing factors behind the violation of Chance Ross's rights.   Based upon the principles set forth in *Monell v. New York City Department of Social Services*, Hopkins County is liable for the harm done to Chance Ross as set forth above.


## COUNT VI
## PLAINTIFFS AGAINST PRUITT, MAYES, SCOTT, FENIMORE, FLOYD, HIGHTOWER and HORTON, For INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.    Plaintiffs hereby incorporate and re-allege paragraphs (1) through (28) as though fully set forth at length herein.

59.     In the manner described above, Pruitt, Mayes and Scott engaged in extreme and outrageous conduct by physically abusing Chance Ross.

60.    In the manner described above, Fenimore, Floyd, Hightower and Horton, by denying Chance Ross medical attention, engaged in extreme and outrageous conduct.

61.    The actions of Pruitt, Mayes, Scott, Fenimore, Floyd, Hightower and Horton were rooted in an abuse of power or authority, and undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

62.    The actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

63.     As a direct and proximate result of the willful and wanton conduct of Pruitt, Mayes, Scott, Hightower and Horton, Chance Ross suffered injuries, including severe emotional distress, and great conscious pain and suffering prior to his death.


WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, by and through their attorney, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiffs' general damages, including emotional distress, medical and funeral expenses in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiffs' special damages;

3. That the Defendants be required to pay Plaintiffs' attorney fees and expenses pursuant to Section 1988 of Title 42 of the United State Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants, other than the City of Sulphur Springs and Hopkins County, be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiffs' costs  of the suit herein incurred; and

6. That the Plaintiffs have such other and further relief as this Court may deem just and proper.


**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**


Dated:  4th day of February, 2016.

Respectfully submitted,


  /s/ David D. Davis
David D. Davis
State Bar No. 00790568

LAW OFFICE OF DAVID D. DAVIS, PLLC
P.O. Box 542915
Grand Prairie, Texas 75054-2915
972.639.3440 Telephone
972.639.3640 Facsimile
ddd@dddavislaw.net