## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLY ROSS, as REPRESENTATIVE of the ESTATE of TONY CHANCE ROSS, and SHELLY ROSS and TONY ROSS, in their Individual Capacity, <br><br> PLAINTIFFS, <br><br> vs. <br><br> THE CITY OF SULPHUR SPRING, TEXAS, HOPKINS COUNTY, TEXAS, SULPHUR SPRINGS LIEUTENANT BRAD HORTON, SULPHUR SPRINGS OFFICERS ADRIAN I. PRUITT, BRANDON S. MAYES, JOE D. SCOTT, SHERIFF'S DEPUTIES PAUL FENIMORE, NICK FLOYD, and HOPKINS COUNTY JAILER JEFF HIGHTOWER, <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No: 4:16-cv-00095 |

### DEFENDANTS HOPKINS COUNTY, TEXAS, PAUL FENIMORE, NICK FLOYD AND JEFF HIGHTOWER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Hopkins County, Texas, Paul Fenimore, Nick Floyd and Jeff Hightower ("hereinafter "Defendants"), in the above-entitled cause, and file this their Answer and Affirmative Defenses to Plaintiffs' Original Complaint, and would respectfully show unto the Court as follows:

## I. ANSWER

1. No answer is required to the first unnumbered paragraph of Plaintiffs' Original Complaint; however, to the extent an answer is required, Defendants deny the averments contained in such paragraph.

2. Defendant admits that the Court has jurisdiction in the instant case; however, Defendants deny that any of Plaintiffs' claims have merit.

3. Defendants admit that venue is proper in the Sherman Division of the Eastern District of Texas.

4. Defendants admit that Shelley Ross is the mother of Chance Ross. Defendants admit she is bringing this case individually, but deny that she has the capacity to bring this case on behalf of any estate. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 3 of Plaintiffs' Original Complaint.

5. Defendants do not have knowledge or information sufficient to admit or deny that Shelley Ross and Tony Ross are the parents of Chance Ross. Defendants admit that they are bringing this case individually.

6. Defendants admit that the City of Sulphur Springs, Texas is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 5 of Plaintiffs' Original Complaint.

7. Defendants admit that Hopkins County, Texas is a political subdivision of the State of Texas and that it can be served by serving County Judge Robert Newsom.

8. Defendants admit that Brad Horton is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 7 of Plaintiffs' Original Complaint.

9. Defendants admit that Adrian I. Pruitt is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 8 of Plaintiffs' Original Complaint.

10. Defendants admit that Brandon S. Mayes is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 9 of Plaintiffs' Original Complaint.

11. Defendants admit that Joe D. Scott is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 10 of Plaintiffs' Original Complaint.

12. Defendants admit Paul Fenimore was a deputy of the Hopkins County Sheriff's Office on March 6, 2015 and that he was acting under color of state law. Defendants deny the remaining averments contained in paragraph 11 of Plaintiffs' Original Complaint.

13. Defendants admit Nick Floyd was a deputy of the Hopkins County Sheriff's Office on March 6, 2015 and that he was acting under color of state law. Defendants deny the remaining averments contained in paragraph 12 of Plaintiffs' Original Complaint.

14. Defendants admit Jeff Hightower was a licensed jailer at the Hopkins County Sheriff's Office on March 6, 2015 and that he was acting under color of state law.

Defendants deny the remaining averments contained in paragraph 13 of Plaintiffs' Original Complaint.

15. Defendants deny that Chance Ross had no history of exhibiting violence or aggression towards law enforcement officers. Defendants deny they are liable to Plaintiffs for any of the claims alleged in paragraph 14 of Plaintiffs' Original Complaint. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 14 of Plaintiffs' Original Complaint.

16. Defendants admit that Chance Ross was released from the Hopkins County Jail on March 6, 2015. Defendants deny the remaining averments contained in paragraph 15 of Plaintiffs' Original Complaint.

17. Defendants admit that Chance Ross was arrested on March 6, 2015 by Sulphur Springs Police Officers. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 16 of Plaintiffs' Original Complaint.

18. Defendants are without sufficient information or knowledge to admit or deny the averments contained in paragraph 17 of Plaintiffs' Original Complaint.

19. Defendants are without sufficient information or knowledge to admit or deny the averments contained in paragraph 18 of Plaintiffs' Original Complaint.

20. Defendants deny that Sulphur Springs Police Officers used excessive force at the Jail. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 19 of Plaintiffs' Original Complaint.

21. Defendants admit that Chance Ross was brought to the Hopkins County Jail by Sulphur Springs Police Officers. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in paragraph 20 of Plaintiffs' Original Complaint.

22. Defendants admit Chance Ross was taken to a padded violent cell in the Hopkins County Jail by Sulphur Springs Police Officers. Defendants deny the remaining averments contained in paragraph 21 of Plaintiffs' Original Complaint.

23. Defendants admit Chance Ross' clothing was removed by Sulphur Springs Police Officers in a padded violent cell of the Hopkins County Jail. Defendants deny the remaining averments contained in paragraph 22 of Plaintiffs' Original Complaint.

24. Defendants deny the averments contained in paragraph 23 of Plaintiffs' Original Complaint.

25. Defendants admit that Defendant Hightower opened the door to the padded violent cell and that Sulphur Springs Police Officers entered the cell. Defendants deny the remaining averments contained in paragraph 24 of Plaintiffs' Original Complaint.

26. Defendants admit Chance Ross had a pulse in the padded violent cell. Defendants deny the remaining averments contained in paragraph 25 of Plaintiffs' Original Complaint.

27. Defendants admit EMS was called for Chance Ross and that EMS transported Chance Ross to the hospital. Defendants deny the remaining averments contained in paragraph 26 of Plaintiffs' Original Complaint.

28. Defendants are without sufficient information to admit or deny the averments contained in paragraph 27, and the associated footnote, of Plaintiffs' Original Complaint.

29. Defendants deny the averments contained in paragraph 28 of Plaintiffs' Original Complaint.

30. Defendants deny the averments contained in paragraph 29 of Plaintiffs' Original Complaint.

31. Defendants deny the averments contained in paragraph 30 of Plaintiffs' Original Complaint.

32. Defendants reassert their responses to paragraphs 1 through 30 of Plaintiffs' Original Complaint. Defendants deny the averments contained in paragraph 31 of Plaintiffs' Original Complaint.

33. Defendants deny the averments contained in paragraph 32 of Plaintiffs' Original Complaint.

34. Defendants deny the averments contained in paragraph 33 of Plaintiffs' Original Complaint.

35. Defendants deny the averments contained in paragraph 34 of Plaintiffs' Original Complaint.

36. Defendants reassert their responses to paragraphs 1 through 34 of Plaintiffs' Original Complaint. Defendants deny the averments contained in paragraph 35 of Plaintiffs' Original Complaint.

37. Defendants deny the averments contained in paragraph 36 of Plaintiffs' Original Complaint.

38. Defendants deny the averments contained in paragraph 37 of Plaintiffs' Original Complaint.

39. Defendants are without sufficient information to admit or deny the averments contained in paragraph 36[1] of Plaintiffs' Original Complaint.

40. Defendants admit Defendant Fenimore is certified to carry a Taser and that he held the rank of Patrol Sergeant of the Hopkins County Sheriff's Office on March 6, 2015. Defendants deny excessive force was used at the Jail. Defendants deny the remaining averments contained in paragraph 37 of Plaintiffs' Original Complaint.

41. Defendants deny the averments contained in paragraph 38 of Plaintiffs' Original Complaint.

42. Defendants deny the averments contained in paragraph 39 of Plaintiffs' Original Complaint.

43. Defendants reassert their responses to paragraphs 1 through 39 of Plaintiffs' Original Complaint. Defendants deny the averments contained in paragraph 40 of Plaintiffs' Original Complaint.

44. Defendants deny the averments contained in paragraph 41 of Plaintiffs' Original Complaint.

---

[1] Beginning with this paragraph, the paragraphs in Plaintiffs' Original Complaint are misnumbered. This paragraph should be number 38, but it is labeled 36. Defendants will continue to refer to the paragraphs as they are numbered in the Original Complaint.

45. Defendants deny the averments contained in paragraph 42 of Plaintiffs' Original Complaint.

46. Defendants deny the averments contained in paragraph 43 of Plaintiffs' Original Complaint.

47. Defendants deny the averments contained in paragraph 44 of Plaintiffs' Original Complaint.

48. Defendants reassert their responses to paragraphs 1 through 44 of Plaintiffs' Original Complaint. Defendants deny the averments contained in paragraph 45 of Plaintiffs' Original Complaint.

49. Defendants deny misconduct of Sulphur Spring Police Officers at the Jail. Defendants are without sufficient information to admit or deny the remaining averments contained in paragraph 46 of Plaintiffs' Original Complaint.

50. Defendants deny misconduct of Sulphur Spring Police Officers at the Jail. Defendants are without sufficient information to admit or deny the remaining averments contained in paragraph 47 of Plaintiffs' Original Complaint.

51. Defendants deny that Sulphur Spring Police Officers violated Chance Ross' civil rights at the Jail or that excessive force was used at the Jail. Defendants are without sufficient information to admit or deny the remaining averments contained in paragraph 48 of Plaintiffs' Original Complaint.

52. Defendants deny that Sulphur Spring Police Officers were deliberately indifferent to Chance Ross' Constitutional rights at the Jail. Defendants are without sufficient

information to admit or deny the remaining averments contained in paragraph 49 of Plaintiffs' Original Complaint.

53. Defendants deny the averments contained in paragraph 50 of Plaintiffs' Original Complaint.

54. Defendants deny the averments contained in paragraph 51 of Plaintiffs' Original Complaint.

55. Defendants reassert their responses to paragraphs 1 through 51 of Plaintiffs' Original Complaint. Defendants deny the averments contained in paragraph 52 of Plaintiffs' Original Complaint.

56. Defendants deny the averments contained in paragraph 53 of Plaintiffs' Original Complaint.

57. Defendants deny the averments contained in paragraph 54 of Plaintiffs' Original Complaint.

58. Defendants deny the averments contained in paragraph 55 of Plaintiffs' Original Complaint.

59. Defendants deny the averments contained in paragraph 56 of Plaintiffs' Original Complaint.

60. Defendants deny the averments contained in paragraph 57 of Plaintiffs' Original Complaint.

61. Defendants reassert their responses to paragraphs 1 through 57 of Plaintiffs' Original Complaint. Defendants deny the averments contained in paragraph 58 of Plaintiffs' Original Complaint.

62. Defendants deny that Sulphur Springs Police Officers used extreme and outrageous conduct at the Jail. Defendants are without information sufficient to admit or deny the remaining averments contained in paragraph 59 of Plaintiffs' Original Complaint.

63. Defendants deny the averments contained in paragraph 60 of Plaintiffs' Original Complaint.

64. Defendants deny the averments contained in paragraph 61 of Plaintiffs' Original Complaint.

65. Defendants deny the averments contained in paragraph 62 of Plaintiffs' Original Complaint.

66. Defendants deny the averments contained in paragraph 63 of Plaintiffs' Original Complaint.

67. Defendants admit that Plaintiffs are seeking the damages requested in the last unnumbered paragraph of Plaintiffs' Original Complaint, containing subparagraphs 1 through 6, but Defendants deny that Plaintiffs are entitled to any of the damages listed.

68. Defendants admit Plaintiffs have requested a jury.

## II. AFFIRMATIVE DEFENSES

1. The individual Defendants Paul Fenimore, Nick Floyd and Jeff Hightower assert that they were entitled to qualified immunity from suit from any and all federal claims, as they were performing discretionary duties in good faith within the course and scope of their employment for Hopkins County as duly sworn deputies (Fenimore and Floyd) and licensed jailer (Hightower). Defendants did not violate clearly

established constitutional or statutory rights of which a reasonable officer would have known.

2. Defendants assert that Hopkins County is entitled to sovereign immunity from suit.

3. Defendant Hopkins County asserts that it cannot be liable for punitive damages under Federal law or under Section 101.024 of the Texas Tort Claims Act.

### III. JURY DEMAND

Defendants respectfully request a trial by jury of all issues so triable pursuant to Rule 39(b) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiffs take nothing pursuant to their Complaint, and request attorneys' fees, costs of Court, and expert witness fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

_____
**ROBERT S. DAVIS**
State Bar No. 05544200
rsd@flowersdavis.com
**LEE I. CORREA**
State Bar. No. 24072049
lic@flowersdavis.com

**ATTORNEYS FOR DEFENDANTS
HOPKINS COUNTY, PAUL FENIMORE,
NICK FLOYD AND JEFF HIGHTOWER**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause on March 3, 2016, in the following manner:

  <u> X </u>    Via ECF

                                                                                    _____
                                                                                    **Robert S. Davis**