IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHELLY ROSS, as Representative of the ESTATE of TONY CHANCE ROSS, And SHELLY ROSS, and TONY ROSS, In Their Individual Capacity, <br><br> Plaintiffs, <br> vs. <br><br> THE CITY OF SULPHUR SPRINGS, TEXAS, HOPKINS COUNTY, TEXAS, SULPHUR SPRINGS LIEUTENANT BRAD HORTON, SULPHUR SPRINGS OFFICERS ADRIAN I. PRUITT, BRANDON S. MAYES, JOE D. SCOTT, SHERIFF'S DEPUTIES PAUL FENIMORE NICK FLOYD, AND HOPKINS COUNTY JAILER JEFF HIGHTOWER <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No.: 4:16-cv-00095-ALM |

### DEFENDANTS' CITY OF SULPHUR SPRINGS, TEXAS, BRAD HORTON, ADRIAN I. PRUITT, BRANDON S. MAYES AND JOE D. SCOTT ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW Defendants City of Sulphur Springs, Texas ("City"), Brad Horton ("Horton"), Adrian I. Pruitt ("Pruitt"), Brandon S. Mayes ("Mayes") and Joe D. Scott ("Scott") (collectively "Defendants"), and file this their Answer and Affirmative Defenses and Jury Demand to Plaintiffs' Original Complaint ("Complaint"). In support, Defendants would respectfully show the Court as follows:

**I.
JURISDICTION, VENUE, AND PARTIES** [1]

---

[1] In responding to Plaintiffs' Complaint, Defendants will utilize the Paragraph Headings listed in Plaintiffs' Complaint.

City Defendants' Answer and Affirmative Defenses to Plaintiffs' Original Complaint    Page 1
27898/505846/jfr

1. Defendants admit the Court has jurisdiction but deny that any of Plaintiffs' claims have merit.

2. Defendants admit that venue is proper in the Sherman Division of the Eastern District of Texas.

3. Defendants admit that Shelley Ross is the mother of Tony Chance Ross and is bringing suit as representative of the Estate of Tony Chance Ross. Defendants deny that the Estate of Tony Chance Ross is entitled to recover damages against the Defendants. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 3 of the Plaintiffs' Complaint.

4. Defendants admit that Shelley Ross and Tony Ross are bringing suit individually for damages suffered as a result of the death of Tony Chance Ross. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 4 of the Plaintiffs' Complaint.

5. Defendants admit the averments contained in Paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit that Hopkins County, Texas is a defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 6 of the Plaintiffs' Complaint.

7. Defendants admit that Brad Horton was an employee of the City of Sulphur Springs Police Department on March 6, 2016, was on duty as a police officer on March 6, 2015, was acting under color of state law, and may be served at the Police Department. Defendants deny the remaining averments contained in Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit that Adrian I. Pruitt was an employee of the City of Sulphur

Springs Police Department on March 6, 2015, was on duty as a police officer on March 6, 2015, was acting under color of state law, and may be served at the Police Department.

9. Defendants admit that Brandon S. Mayes was an employee of the City of Sulphur Springs Police Department on March 6, 2015, was on duty as a police officer on March 6, 2015, was acting under color of state law, and may be served at the Police Department.

10. Defendants admit that Joe D. Scott was an employee of the City of Sulphur Springs Police Department on March 6, 2015, was on duty as a police officer on March 6, 2015, was acting under color of state law, and may be served at the Police Department.

11. Defendants admit that Paul Fenimore is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 11 of the Plaintiffs' Complaint.

12. Defendants admit that Nick Floyd is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 12 of the Plaintiffs' Complaint.

13. Defendants admit that Jeff Hightower is a Defendant in this matter. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 11 of the Plaintiffs' Complaint.

## II.
## FACTUAL ALLEGATIONS

14. Defendants admit that prior to March 6, 2015, Tony Chance Ross had been arrested by the City of Sulphur Springs Police Department but deny that Tony Chance Ross had no history of exhibiting violence or aggression towards law enforcement officers. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 14 of the Plaintiffs' Complaint.

15. Defendants are without sufficient information or knowledge to admit or deny the averments contained in Paragraph 15 of the Plaintiffs' Complaint.

16. Defendants admit that on March 6, 2015, the Sulphur Springs Police Department received a suspicious person call, that Defendants Pruitt and Mayes responded to the call, that Defendant Pruitt was the first officer to encounter Tony Chance Ross in the 600 block of Beckworth, and that Mr. Ross was arrested as the result of his combative and aggressive actions towards Defendants Pruitt and Mayes. Defendants deny the remaining averments contained in Paragraph 16 of Plaintiffs' Complaint.

17. Defendants admit that when Defendant Pruitt encountered Tony Chance Ross on March 6, 2016, Mr. Ross was wearing blue jeans and had no shirt on. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 17 of the Plaintiffs' Complaint.

18. Defendants admit that Defendant Pruitt recognized Tony Chance Ross, that Defendant Mayes arrived at the scene and observed Defendant Pruitt trying to control Mr. Ross, that Mr. Ross refused to comply with the officers' lawful orders to place his arms behind his back and resisted efforts by the officers to get control of his arms, and that during his struggling with the officers, Mr. Ross made noises and comments about a raped person. Defendants deny the remaining averments contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the averments contained in Paragraph 19 of Plaintiffs' Complaint.

20. Defendants admit that upon his arrest, Tony Chance Ross was taken directly to the Hopkins County Jail. Defendants deny the remaining averments contained in Paragraph 20 of Plaintiffs' Complaint.

21. Defendants admit that upon arrival at the jail, Tony Chance Ross was placed in a padded V-cell and his clothes were removed per jail policy. Defendants deny the remaining averments contained in Paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit that Tony Chance Ross struggled with and kicked the officers as they were trying to remove his clothing and Mr. Ross was lying on the jail floor when the officers left the cell but deny the remaining averments contained in the first sentence of Paragraph 22 of Plaintiffs' Complaint. Defendants are without sufficient information or knowledge to admit or deny the averments contained in the second sentence of Paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny the averments contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit that Defendant Hightower opened the cell and Defendants Mayes, Scott and Horton entered the cell but deny the remaining averment contained in the first sentence of Paragraph 24 of Plaintiffs' Complaint. Defendants are without sufficient information or knowledge to admit or deny the averments contained in the second sentence of Paragraph 24 of the Plaintiffs' Complaint.

25. Defendants admit that Tony Chance Ross had a pulse but deny the remaining averments contained in Paragraph 25 of the Plaintiffs' Complaint.

26. Defendants admit that Fire Department and emergency medical service personnel arrived at the jail and provided care for Tony Chance Ross but deny the remaining averment contained in the first sentence of Paragraph 26 of Plaintiff's Complaint. Defendants admit that Mr. Ross was transported to the hospital but are without sufficient information or knowledge to admit or deny the remaining averments contained in the second sentence of Paragraph 26 of the

Plaintiffs' Complaint.

27. Defendants admit that Tony Chance Ross was arrested and charged with multiple criminal offenses as a result of his conduct on March 6, 2015. Defendants deny the remaining averments in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the averments contained in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the averments contained in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny that their actions and omissions violated Tony Chance Ross' constitutional rights and thus, deny the averments contained in Paragraph 30 of Plaintiffs' Complaint.

### III.
### COUNT 1-EXCESSIVE FORCE

31. Defendants reassert their responses to paragraphs 1 through 30 of Plaintiffs' Complaint. Defendants deny the averments contained in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the averments contained in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the averments contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the averments contained in Paragraph 34 of Plaintiffs' Complaint.

### IV.
### COUNT II-FAILURE TO PROTECT

35. Defendants reassert their responses to Paragraphs 1 through 34 of Plaintiffs'

City Defendants' Answer and Affirmative Defenses to Plaintiffs' Original Complaint    Page 6
27898/505846/jfr

Complaint. Defendants deny the averments contained in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the averments contained in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny that Plaintiff was subjected to excessive force and thus, deny the averments contained in Paragraph 37 of Plaintiffs' Complaint.

[36]. Defendants deny that Plaintiff was subjected to excessive force at the scene of the arrest and thus, deny the averments contained in Paragraph 36 of Plaintiffs' Complaint.[2]

[37]. Defendants deny that Defendant Scott used excessive force against Tony Chance Ross in the jail and thus, deny the averment contained in the first sentence of Paragraph 37 of Plaintiff's Complaint. Defendants are without sufficient information or knowledge to admit or deny the averments contained in the second sentence of Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the averments contained in Paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny the averments contained in Paragraph 39 of Plaintiffs' Complaint.

## V.
## COUNT III-DENIAL OF MEDICAL CARE

40. Defendants reassert their responses to Paragraphs 1 through 39 of Plaintiffs' Complaint. Defendants deny the averments contained in Paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny the averments contained in Paragraph 41 of Plaintiffs' Complaint as they pertain to Defendants.

42. Defendants deny the averments contained in Paragraph 42 of Plaintiffs' Complaint.

---

[2] Plaintiffs have misnumbered their paragraphs. Defendants will refer to the paragraphs as they are numbered in the Complaint.

43. Defendants deny the averments contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the averments contained in Paragraph 44 of Plaintiffs' Complaint.

## VI.
## COUNT IV-MONELL LIABILITY AGAINST THE CITY

45. Defendants reassert their responses to Paragraphs 1 through 44 of Plaintiffs' Complaint. Defendants deny the averments contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny the averments contained in Paragraph 46 of Plaintiffs' Complaint.

47. Defendants admit that the City's Police Chief stated that the officers involved with Tony Chance Ross on March 6, 2015, were not placed on administrative leave because they had acted properly. Defendants deny the remaining averments contained in Paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny the averments contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants deny the averments contained in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the averments contained in Paragraph 50 of Plaintiffs' Complaint.

51. Defendants deny the averments contained in Paragraph 51 of Plaintiffs' Complaint.

## VII.
## COUNTY V-MONELL LIABILITY AGAINST THE COUNTY

52. Defendants reassert their responses to Paragraphs 1 through 51 of Plaintiffs' Complaint. Defendants deny the averments contained in Paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny that Defendant Hightower's actions and/or omissions were undertaken pursuant to the policies and practices of Defendant City or that there was any misconduct on the part of Defendants Pruitt, Horton, Mayes and Scott. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 53 of Plaintiffs' Complaint.

54. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny that the Hopkins County Jail personnel violated Tony Chance Ross' constitutional rights at the Hopkins County Jail or that excessive force was used against Mr. Ross at the Hopkins County Jail. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 55 of Plaintiffs' Complaint.

56. Defendants are without sufficient information or knowledge to admit or deny the remaining averments contained in Paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny the averments contained in Paragraph 57 of Plaintiffs' Complaint.

**VIII.**
**COUNT VI-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

58. Defendants reassert their responses to Paragraphs 1 through 57 of Plaintiffs' Complaint. Defendants deny the averments contained in Paragraph 58 of Plaintiffs' Complaint.

59. Defendants deny the averments contained in Paragraph 59 of Plaintiffs' Complaint.

60. Defendants deny the averments contained in Paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny the averments contained in Paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny the averments contained in Paragraph 62 of Plaintiffs' Complaint.

63. Defendants deny the averments contained in Paragraph 63 of Plaintiffs' Complaint.

64. Defendants admit that Plaintiffs are seeking to recover damages, attorney's fees and costs under 42 U.S.C §§1983 and 1988 in this unnumbered paragraph, containing subparagraphs (1)-(6), but deny that Plaintiffs are entitled to any of the damages listed.

65. Defendants admit that Plaintiffs have requested trial by jury.

## IX.
## AFFIRMATIVE DEFENSES

1. Defendants affirmatively plead and assert that Defendants did not deprive Tony Chance Ross of any constitutionally protected rights and/or interests guaranteed to him under the U.S. Constitution.

2. Defendants affirmatively plead and assert that Defendant City is not liable for the acts of its employees under the theory of respondeat superior.

3. Defendants affirmatively plead and assert that Plaintiffs have failed to state a claim for relief under 42 U.S.C. §1983 against Defendants.

4. Defendants affirmatively plead and assert that Defendants Pruitt, Horton, Mayes and Scott are entitled to qualified immunity from Plaintiffs' federal constitutional claims because, at the time of the incident, they were public official acting within the scope of their

discretionary authority and in the course of their employment, were performing their official responsibilities, and their conduct did not violate clearly established law of which a reasonable person would have known at the time.

5. Defendants affirmatively plead and assert that Defendants Pruitt, Horton, Mayes and Scott are entitled to official immunity from Plaintiffs' state law tort claim of intentional infliction of emotional distress.

6. Defendants affirmatively plead and assert that Plaintiffs are not entitled to recover exemplary damages against Defendant City.

7. Defendants affirmatively plead and assert that Plaintiffs are not entitled to recover exemplary damages against Defendants Pruitt, Horton, Mayes and Scott in that they did not act with malice, recklessness, or deliberate indifference to Tony Chance Ross' constitutional rights.

8. Defendants affirmatively plead and assert that Tony Chance Ross' actions contributed to any physical injuries he may have sustained.

10. Defendants affirmatively plead and assert that Plaintiffs' state law intentional infliction of emotional distress claims against Defendants Pruitt, Horton, Mayes and Scott are barred by §10l.106 of the Texas Civil Practice and Remedies Code.

11. Defendants affirmatively pleads that Defendants' Pruitt, Horton, Mayes and Scott actions were lawful, reasonable and justified under the circumstances.

## X.
## JURY DEMAND

Defendants demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendants City of Sulphur Springs, Texas, Brad Horton, Adrian I. Pruitt, Brandon S. Mayes and Joe D. Scott pray that Plaintiffs take nothing by this suit; that all relief requested by Plaintiffs be denied, and all of Plaintiffs' causes

of action be dismissed with prejudice to the refiling of same; that said Defendants be awarded all costs of suit and attorneys' fees; and said Defendants further pray for such other and further relief, both general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

/s/ Thomas P. Brandt
Thomas P. Brandt
State Bar No. 02883500
tbrandt@fhmbk.com
John F. Roehm, III
State Bar No. 17157500
jroehm@fhmbk.com
**FANNING, HARPER, MARTINSON BRANDT & KUTCHIN, P.C.**
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206-4151
(214) 369-1300
Fax (214) 987-9649

**ATTORNEYS FOR DEFENDANTS
CITY OF SULPHUR SPRINGS, TEXAS,
BRAD HORTON, ADRIAN I. PRUITT,
BRANDON S. MAYES AND JOE D. SCOTT**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document with served on all counsels of record in this matter through the court's electronic case filing (ECF) system on the 4th day of April, 2016.

/s/ Thomas P. Brandt
Thomas P. Brandt

City Defendants' Answer and Affirmative Defenses to Plaintiffs' Original Complaint     Page 12
27898/505846/jfr